**Standard Automobile Supply Company, Defendant in Error, v. Marshall Field & Company, Plaintiff in Error.**

### Gen. No. 15,596.

SALES—*how rescission must be made.* A contract of sale cannot be rescinded in part. Partial rescission, however, becomes effective as a modification of the original contract if such partial rescission is accepted by the vendor.

Error to the Municipal Court of Chicago; the Hon. MCKENZIE CLELAND, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed May 4, 1911.

**Statement by the Court.** November 13, 1908, defendant sold to plaintiff four fur coats at the price of $160, less a discount of two per cent for cash; the coats were delivered and the purchase price paid. A few days later plaintiff returned two of the coats, claiming that they were torn and defective, and was given a receipt therefor by the defendant. December 1 defendant wrote plaintiff as follows:

"GENTLEMEN: We hold a bill of yours dated November 20th, calling for 2 Fur coats #1975, we have no record of receiving these goods, will kindly ask

you to tell us the exact date returned and whose receipt you hold.

"Trusting you will give us this information at your earliest convenience to enable us to trace and render the credit necessary, we are."

Plaintiff by letter of December 4 furnished the defendant the information requested. December 17 defendant returned the coats to plaintiff and wrote him that it could not accept them for credit. The coats were again sent to plaintiff, who refused to receive them, and January 11, 1908, defendant wrote plaintiff that it refused to accept the coats for credit and would hold them subject to plaintiff's orders. Plaintiff then brought this action to recover the value of the coats so returned, and recovered a judgment for $47.50, to reverse which this writ of error is prosecuted.

FRANK P. LEFFINGWELL, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

Plaintiff was not entitled to rescind the contract of sale, because he returned only a part of the goods purchased. His return of the two coats was an offer to return them for credit, or to resell them to the defendant, and if such offer was accepted, the defendant became liable to the plaintiff for their value. The parties could, by subsequent agreement, modify the first contract, and the finding of the court, implied from the judgment, is that the defendant, by accepting the return of the two coats and retaining them without objection for at least a month, accepted plaintiff's offer to return them for credit, and that thereby the original contract was modified. An offer may be accepted by conduct as well as by express words of acceptance, and we cannot say that on the evidence the court might not properly find that plaintiff's offer was accepted by the defendant.

In assessing plaintiff's damages the court took as true the testimony offered by the defendant that the regular price of the two coats retained by the plaintiff was $65 each, $130, and that of the two coats retained $27.50 each, $55, making a total of $185, from which a lump reduction of $25 was made. This lump reduction was apportioned between the price of the coats retained and those returned, according to their respective wholesale prices, and taking such *pro rata* share of the reduction from the price of the coats returned, left as their value $47.50, the amount of the judgment.

We think that the judgment of the Municipal Court works out substantial justice between the parties, and the judgment will be affirmed.

*Affirmed.*